SABATH, LEVINSON & STAFFORD, for plaintiff in error.

GOLDIZER, RODGERS & FROELICH, for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 299*—*when proposition of law may be refused.* Propositions of law not involved in the case are properly refused.

2. LANDLORD AND TENANT, § 441*—*when evidence insufficient to establish renewal of lease.* In an action for rent, a finding of fact that defendant remained in possession of the premises after the expiration of the lease and a finding of fact that a check received by plaintiff for rent was not sent by defendant by mistake, *held* properly refused as not sustained by the evidence.

---

### O. J. Astry, Defendant in Error, v. Fox River Distilling Company, Plaintiff in Error.

### Gen. No. 18,488.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 14, 1913.

### Statement of the Case.

Action by O. J. Astry against Fox River Distilling Company, a corporation to recover on a promissory note made by defendant and indorsed to plaintiff. From judgment in favor of plaintiff for $517.85, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

ISADORE S. BLUMENTHAL, for plaintiff in error; MAURICE ALSCHULER, of counsel.

BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 373*—*prima facie case.* Introduction of note makes a *prima facie* case.

2. BILLS AND NOTES, § 391*—*presumption in favor of holder.* Presumed that holder acquired the note for a valuable consideration before maturity and without notice.

3. BILLS AND NOTES, § 92*—*presumption as to memoranda on back of note.* A memorandum on the back of note will be presumed to have been made when the note was executed and to be no part of the body of the note, in the absence of any testimony on that subject.

4. BILLS AND NOTES, § 92*—*memorandum on back of note construed.* In suit on a note payable in nine months after date, a memorandum on the back thereof by the maker, "will pay as soon as our claim of $717.13 is satisfactorily settled," when considered as having been made when note was executed, will be construed to mean that note is payable nine months after date at all events and to be paid before if the claim is settled before that time.

5. BILLS AND NOTES, § 367*—*necessity of proving execution or assignment.* Holder of note not required to prove the maker's or payee's signatures in the absence of a verified plea denying execution or assignment.

6. BILLS AND NOTES, § 363*—*when execution and assignment are admitted.* In the absence of any denial of the execution of the note or of the signature of the payee, the execution and the assignment are admitted.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.